1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Davey L. Davis,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondent(s) | CV-06-1116-PHX-FJM (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 21, 2006 (#1).   On January 26, 2007 Respondents filed their Response (#12) and Supplements on March 6, 2008 (#38) and March 27, 2008 (#42).   Petitioner filed a Reply on February 5, 2007 (#13), a supplement to the record on February 9, 2007 (#14) and again on March 15, 2007 (#18), and a Supplemental Reply on April 9, 2008 (#43).   In addition, Petitioner filed a Motion to Dismiss on February 14, 2007 (#15), to which Defendants responded on February 26, 2007 (#16).

The Petitioner's Petition (#1) and Motion to Dismiss (#14) are now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

//
//
//

- 1 -

1

**II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

2

**A. FACTUAL BACKGROUND**

3

In the course of denying Petitioner's direct appeal, the Arizona Court of Appeals

4

described the factual background as follows:

5

On 11 April 1984, defendant was arrested for two armed

6

robberies of an El Rancho Market in Yuma, Arizona. The car in which defendant was a passenger, a yellow Cadillac with Colorado license plates, was stopped by police pursuant to a description given by the

7

store manager.   Defendant ran from the vehicle but was soon apprehended. Inside the car, police found money and a gun. Defendant

8

also was in possession of marijuana when he was arrested. Approximately one hour after the robbery, defendant was shown to the

9

store manager who identified him as the man who had committed both the April 2nd and April 11th robberies.

10

Defendant was charged with two counts of armed robbery, two counts of aggravated assault, two counts of theft and one count of

11

possession of marijuana. Defendant pled not guilty on all counts.  The state subsequently alleged two prior felony convictions and that

12

defendant was currently on parole from prison in Colorado.

13

(Exhibit J, Mem. Dec. at 2.  *See also* Exhibit E, Complaint; Exhibit F, Addendum to

14

Indictment.)[1]

15

16

**B. PROCEEDINGS AT TRIAL**

17

In the course of denying Petitioner's third petition for post-conviction relief, the trial

18

court summarized the proceedings at trial as follows:

19

The defendant entered a plea of guilty in early July 1985 to the offense of Armed Robbery involving the use of a deadly weapon and

20

while he was on parole.  On July 19, 1985, pursuant to A.R.S. § 13-604.01(a) in effect at that time and the terms of the plea agreement, the

21

defendant was required to and was sentenced to life imprisonment with parole eligibility at 25 years.

22

(Exhibit A, Order 10/1/04 at 1; Exhibit G, M.E. 7/12/85; Exhibit H, Plea Agreement; Exhibit

23

I, Sentence.)  In determining Petitioner's sentence, the court relied on Petitioner's use of a

24

deadly weapon and having committed the offenses while on parole, both of which Petitioner

25

26

[1] Exhibits to the Answer, #12 (A-D) and Supplemental Response, #38 (E-Q), which

27

are sequentially lettered, are referenced herein as "Exhibit ___."  Exhibits to Petitioner's motions to expand the record (#14 & 18), which are sequentially numbered, are referenced

28

herein as "Petitioner's Exhibit ___."

1   admitted as part of his plea.  (Exhibit A, Order 9/30/04.)

2

3   **C. PROCEEDINGS ON DIRECT APPEAL**

4       Petitioner filed a direct appeal which was denied by the Arizona Court of Appeals on

5   May 27, 1986.  (Exhibit J, Order & Mem. Dec. 5/27/86.)  Petitioner did not seek review by

6   the Arizona Supreme Court or the U.S. Supreme Court.[2]

7

8   **D. PROCEEDINGS ON FIRST POST-CONVICTION RELIEF**

9       On July 1, 1992, Petitioner filed his first Petition for Post-Conviction Relief (Exhibit

10  K).[3]  Counsel was appointed who was unable to find an issue for review beyond the

11  "draconian nature" of the sentence.  (Exhibit L, Not. Re Amended Petition.)  That petition

12  was denied by the trial court by an Order  (Exhibit M) entered January 13, 1993. Petitioner

13  did not seek further review on this petition.

14

15  **E.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF**

16      On April 21, 1998, Petitioner filed his second Notice of Post-Conviction Relief

17  (Exhibit N) and Petition for Post-Conviction Relief (Exhibit O).  That petition was denied

18  by an Order (Exhibit P) entered November 10, 1998.  Petitioner did not seek further review

19  on this petition.

20

21  _____

22      [2]  The Petition alleges that Petitioner sought review by the "state supreme court."
    (Petition, #1 at 2.)  However, he indicates that the "petition for review" was filed October 1,
23  1985, which was prior to the Arizona Court of Appeals' decision, and he indicates that it was
    decide May 27, 1986, which was the date of the Court of Appeals' decision. (*See* Exhibit J,
24  Order and Mem. Dec.)  There is no indication in the record of any petition for a writ of
    certiorari to the U.S. Supreme Court.
25

26      [3]  The Petition alleges that Petitioner's first PCR petition was filed July 1, 1996, and
    denied October 1, 1996, and asserts that his *third* PCR petition, filed July 15,2004, was his
27  *second* PCR petition.  (Petition #1 at 2.)  The parties have produced no records to reflect the
    filing of a proceeding in 1996.  The undersigned presumes that this is an error in dates, and
28  that Petitioner is referencing his 1998 petition.

**F.  PROCEEDINGS ON THIRD POST-CONVICTION RELIEF**

On July 15, 2004, Petitioner filed a third Petition for Post-Conviction Relief with the trial court,  seeking relief under *Blakely v. Washington*, 542 U.S. 296 (2004).  (Petition, #1 at 2; Exhibit A, Order 9/30/04 at 1.)  That petition was denied by the trial court on September 30, 2004.  (*Id.*)  (Petition, #1 at 2.)

Petitioner sought review by the Arizona Court of Appeals, which was denied on August 10, 2005.  (Exhibit B, Order 8/10/5.)  Petitioner then sought review by the Arizona Supreme Court, which was denied on March 9, 2006.  (Exhibit C, Order 3/9/06.)

**G.  PROCEEDINGS ON FOURTH POST-CONVICTION RELIEF**

On January 3, 2005, Petitioner filed a fourth Petition for Post-Conviction Relief, again asserting claims under *Blakely* and related state and federal authorities.  That Petition was denied on March 16, 2005, and Petitioner sought no further review on this petition.  (Exhibit D, Order 3/16/05; Answer, #12 at 3, n. 3 (asserting petition abandoned after trial court's denial); Reply, #13 at 2 (adopting Respondents' chronology).)

**F.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - On April 21, 2006, Petitioner commenced the instant federal habeas proceeding by filing his Petition for Writ of Habeas Corpus (#1).  Petitioner's Petition asserts two grounds for relief, both arising out of the trial judge's determination of facts used to aggravate Petitioner's sentence: (1) a denial of his Sixth Amendment jury right; and (2) a denial of his Fifth Amendment right of confrontation.

**Answer** - On January 26, 2007, Respondents filed their Answer (#12) asserting that Petitioner's petition is untimely, and should be dismissed with prejudice.  Respondents argue that neither *Apprendi* nor *Blakely* represent a significant change in the law to justify a delayed commencement of the limitations period for Petitioner's claims under those decisions.

**Reply** -  On February 5, 2007, Petitioner filed his Reply ("Traverse") (#13) arguing

that Petitioner's failure to present his claims to the state courts on direct appeal and in his second[4] Petition for Post-Conviction Relief was caused by ineffective assistance of counsel in those proceedings, and that Petitioner has only recently become aware of that ineffective assistance.  (#13 at 1-3.)[5]  Petitioner contends that PCR counsel failed to follow his direction to seek review from the denial of his first PCR petition, and failed to include claims similar to his *Blakely* claims, but based on earlier federal precedent.  Petitioner further argues that he only recently became aware of the claims raised in his petition, and the ineffective assistance of counsel, and failure of the state courts to identify his claims when reviewing his case after the filing of an *Anders* brief.  Finally, Petitioner argues that he has no access to legal research materials, and is only able to obtain legal materials from other inmates.  As a result, Petitioner argues that he has demonstrated extraordinary circumstances which would justify equitable tolling.  (*Id.* at 2-6.)

Petitioner further argues that *Blakely* and *Booker* were a significant change in the law, justifying Petitioner's failure to seek relief in his state PCR proceedings.  (*Id.* at 6-7.)  And, Petitioner argues that he has been prejudiced by the *Blakely* and *Booker* errors.  (*Id.* at 7-9.)

**Petitioner's First Supplement to Record** - On February 9, 2007, Petitioner filed his Motion to Expand the Record (#14), arguing that a response to Petitioner's *first* PCR petition was not filed until October 28, 1998.  The motion to supplement was granted (Order 3/9/07, #17).  However, based upon the record above, the undersigned finds that the referenced briefs related to Petitioner's *second* PCR Petition (Exhibit N), filed April 21, 1998, and not

---

[4]  Petitioner identifies this as his "first PCR."  (Reply, #13 at 4.)  However, he references it as relating to his challenge based on *State v. Tarango*, 185 Ariz. 208, 914 P.2d 1300 (1996), which occurred in Petitioner's second PCR proceeding.

[5]  In his Reply, Petitioner takes exception to Respondents' election to raise only a procedural defense, while reserving a response on the merits.  Petitioner asserts that he has been denied his right under the rules to have the final response.  (Reply, #13 at 3.)  The Service Order authorized Respondents to "file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity."  (Order 8/18/06 at 2.)  Because the Court does not reach the merits of Petitioner's claims, Petitioner has not been prejudiced by the lack of a response on the merits.

to Petitioner's *first* PCR petition which had been decided long before.  This is confirmed by the substance of the Reply brief attached to Petitioner's Motion, which referenced an argument based on "*State v. Tarango*," 185 Ariz. 208, 914 P.2d 1300 (1996).  (Motion, #14, Exhibit I, Reply Brief at 1.)  Petitioner's Petition  filed April 21, 1998 references "a significant change in the law, relative to the Supreme Court's decision in *Tarango*, 914 P.2d 1300." (Exhibit O at 1.)

**Petitioner's Second Supplement to Record** - On March 15, 2007, Petitioner filed his second Motion to Expand the Record (#18), which was granted (Order 7/26/7, #33).  The exhibits to the motion are intended to reflect Petitioner's difficulties in obtaining copies of legal precedents (*see* Reply, #32), and include correspondence to various courts in 2006 and 2007.

**Order for Respondents to Supplement**.  On January 17, 2008, the Court entered an Order (#34) noting that the record made available by the parties was inadequate to determine the timeliness of Petitioner's Petition, and directed an expansion of the record.  The Court also noted Petitioner's arguments in his Reply concerning equitable tolling and invited Respondents to address those assertions.

Respondents filed a Supplemental Response on March 6, 2008 (#38), arguing that even if timely, Petitioner's claims are based on *Blakely v. Washington*, 542 U.S. 296 (2004), which is not retroactively applicable to cases on collateral review.  Respondents then filed a Supplemental Response on March 27, 2008 (#42), providing additional records, and noting that they clarify the procedural background, *i.e.* that Petitioner filed three PCR petitions, not just two as indicated in the Petition.  Respondents argue that Petitioner is not entitled to equitable tolling, and that his *Blakely* claims are without merit because his sentence was not aggravated because he received the sentence to which he had agreed in his plea agreement.

On April 9, 2008, Petitioner filed his Opposition to Supplemental Response (#43), acknowledging the inaccuracy of the procedural history in his Petition, which was based on his memory because of his lack of records.  Petitioner argues that upon the denial of his second PCR petition, he instructed counsel to file a petition for review, and waited six years

for a result in a special action brought by the state challenging the *Tarango* decision, and on his petition for review.[6]  In the meantime, he asserts he sought a re-computation of his prison term by prison officials.

**Motion to Dismiss** - On February 14, 2007, Petitioner filed a Motion to Dismiss Unbriefed Claim of Ineffective Assistance (#15), arguing that Petitioner does ***not*** assert a claim of ineffective assistance of counsel claims concerning counsel from his direct appeal and first PCR proceeding.  Although, Petitioner expresses an intent to exhaust his state remedies on those claims, he clarifies that he "wishes the court to proceed with the remaining claims."  (#15 at 2.)

Respondents oppose (#16) the motion, arguing: (1)  the petition is untimely; (2) any claim of ineffective assistance is now procedurally barred; and (3) Petitioner is not entitled to dismiss under Fed. R. Civ. P. 41(a)(1) because Respondents have answered and have not stipulated to a dismissal.  (Respondents do not explain why a dismissal under Rule 41(a)(2) (dismissal by court order)  is not possible.)

# III. APPLICATION OF LAW TO FACTS

## A.  MOTION TO DISMISS

Petitioner has filed a Motion to Dismiss Unbriefed Claim of Ineffective Assistance (#15), arguing that Petitioner does ***not*** assert a claim of ineffective assistance of counsel claims concerning counsel from his direct appeal and first PCR proceeding.  In his Reply, petitioner referenced an "unbriefed claim of ineffective assistance" as a basis for his untimely petition (#13 at 4) .  Although, Petitioner expresses an intent to exhaust his state remedies on those claims, he clarifies that he "wishes the court to proceed with the remaining claims." (#15 at 2.)

In essence then, Petitioner seeks to dismiss a claim that he has not made in his

---

[6]  The parties have provided no evidence of a petition for review challenging Petitioner's second PCR petition.  Petitioner provides no evidence or details of his purported request to counsel to file such a petition.

1  Petition.  Although Petitioner made one attempt to amend his Petition (*see* Motion, #19) to

2  assert a claim that the AEDPA was unconstitutional, and one attempt to add two Equal

3  Protection claims (*see* Motion, #24)  he has not attempted to add a claim of ineffective

4  assistance.  (*See* Order 6/25/07, #30.)  Petitioner has certainly argued ineffective assistance

5  as a basis for equitable tolling, but the Court has not construed this as raising such

6  ineffectiveness as a ground for relief.[7]

7          Consequently, there is no ineffective assistance claim to be dismissed, and the Court

8  has proceeded with addressing the claims actually raised in the Petition.  Accordingly, the

9  motion to dismiss should be denied as moot.

10

11  **B.  STATUTE OF LIMITATIONS**

12  **1.   One Year Limitations Period**

13          Respondents assert, *inter alia*, that Petitioner's Petition is untimely.  As part of the

14  Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a

15  1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to

16  28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C.

17  § 2244(d).     Prior to the AEDPA's enactment "state prisoners had almost unfettered

18  discretion in deciding when to file a federal habeas petition" and that "delays of more than

19  a decade did not necessarily bar a prisoner from seeking relief."  *Calderon v. U.S. District*

20  *Court,* 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled on other grounds*, 163 F.3d 530 (9th

21  Cir. 1998) (real party-in-interest was Rodney Gene Beeler)(hereinafter "*Beeler*").  Now,

22

23          [7] To the extent that Petitioner may be seeking a "dismiss and stay" procedure to allow

24  him to exhaust his state remedies on a new ineffective assistance claim, that procedure is not
    available here.  The Supreme Court has mandated that any such request to stay should

25  establish that "petitioner had good cause for his failure to exhaust, his unexhausted claims
    are potentially meritorious, and there is no indication that the petitioner engaged in

26  intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S.  269, 277 (2005).

27  Petitioner has offered no cause to explain a timely exhaustion of his ineffective assistance
    claim, and in light of the statute of limitations bar, the claim would ultimately be without

28  merit before this court.

1  however, petitions filed beyond the one year limitations period are barred and must be

2  dismissed.  28 U.S.C. § 2244(d)(1).

3

4  **2.  Commencement of Limitations Period**

5      **Direct Review/AEDPA Effective Date** - The one-year statute of limitations on

6  habeas petitions generally begins to run on "the date on which the judgment became final by

7  conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

8  § 2244(d)(1)(A).  Here, however, allowing for the 30 days Petitioner had to file a petition for

9  review by the Arizona Supreme Court, Ariz.R.Crim.P. 31.19(a), after the Arizona Court of

10 Appeals' decision on May 27, 1986 (Exhibit J, Order & Mem. Dec. 5/27/86), Petitioner's

11 conviction became final on June 26, 1986.  This was almost a decade before the AEDPA

12 instituted a statute of limitations.

13     The *Beeler* court, following other circuits, held that the period of limitations "did not

14 begin to run against any state prisoner prior to the statute's date of enactment" of April 24,

15 1996.  *Beeler*, 128 F.3d at 1287.  Thus, all federal habeas corpus claims concerning state

16 court judgments finalized prior to April 24, 1996, had to be filed by April 23, 1997, or they

17 were barred by the statute of limitations absent a showing that the circumstances surrounding

18 the filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

19     Accordingly, Petitioner's "normal" one year began running on April 24, 1996.

20     **New Claims** - While the finality of the conviction is the normal commencement date

21 for the habeas limitations period, the statute does provide an exception for changes in the

22 law.  Petitioner's grounds for relief assert a "significant change in the law"[8] based upon the

23 _____

24     [8] Conversely, Petitioner argues that his claims are not dependent upon the changes
   in the law wrought by *Apprendi* and *Blakely*, but find their genesis in earlier decisions, *i.e.*
25 *Duncan v. State of Louisiana*, 391 U.S. 145 (1968) and *McMillan v. Pennsylvania*, 477 U.S.
   79 (1986).  However, neither of these cases supports Petitioner's claims.  *Duncan* held only
26 that the Sixth Amendment's jury trial right extended to the states. Thus, it would not support
   Petitioner's attempts in the present petition to assert a Sixth and Fifth Amendment challenge
27 to judicial fact finding at sentencing.
28     *McMillan* held that a state could designate a factual predicate to a given minimum

1  decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey,* 530

2  U.S. 466 (2000).[9]  Section 2244(d)(1)(C) provides that the period can run from "the date on

3  which the constitutional right asserted was initially recognized by the Supreme Court, if the

4  right has been newly recognized by the Supreme Court and made retroactively applicable to

5  cases on collateral review."

6       Petitioner is not entitled to this delayed start because neither *Blakely* nor *Apprendi*

7  have been made retroactively applicable by the Supreme Court.  "[A] new rule is not 'made

8  retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."

9  *Tyler v. Cain*, 533 U.S. 656, 663 (2001).[10]

10      **Newly Discovered Claims** - Petitioner argues that  he only recently became aware

11  of the claims raised in his petition. (Reply #13 at 5.)  Section 2244(d)(1)(D) does provide an

12  commencement alternative of "the date on which the factual predicate of the claim or claims

13  presented could have been discovered through the exercise of due diligence."  Thus, where

14  despite the exercise of due diligence a petitioner was unable to discover the factual predicate

15

16  ───────────────

17  sentence as a sentencing factor and commit its finding to the judge rather than the jury, so
long as the sentence imposed didn't exceed the maximum for the offense under the facts
established by the jury.  *See Apprendi*, 530 U.S. at 487, n. 13.  Thus, the statute in *McMillan*,

18  "'does not authorize a sentence in excess of that otherwise allowed for [the underlying]
offense,'"  *Blakely,* 542 U.S. at 304-305 (quoting *McMillan*, 477 U.S. at 82), and is thus

19  factually distinguishable from the arguments made by Petitioner in this case.  In hindsight,

20  the jury trial right discussions in *McMillan* presage the decision in *Blakely*, but *McMillan*
did not prohibit judicial fact finding to aggravate sentences.  *Apprendi* and *Blakely* both

21  established "new rules" which did so.  Because the challenges in Petitioner's Grounds for
Relief 1 and 2 relate to the judicial fact finding on aggravating factors, Petitioner cannot

22  obtain relief solely on the basis of *McMillan*, without benefit of *Apprendi* and *Blakely*.

23
     [9]  Petitioner also argues in his Reply that his claims derive from *U.S. v. Booker*, 542

24  U.S. 220 (2005). (#13 at 6-7.)  However, *Booker* was the extension of *Blakely* to the United
States Sentencing Guidelines, and thus would be inapplicable to Petitioner's state conviction.

25  Moreover, *Booker,* like *Apprendi* and *Blakely*, has been held to be barred from retroactive

26  application on collateral review.  *See U.S. v. Cruz*, 423 F.2d 1119 (9th Cir. 2005).

27      [10]  The Ninth Circuit has held that both *Apprendi* and *Blakely* are not retroactively
applicable.  *See Rees v. Hill,* 286 F.3d 1103 (9th Cir. 2002) (*Apprendi*); and *Cook v. U.S.,*

28  386 F.3d 949, 950 (9th Cir. 2004) (*Blakely*).

1   of his claim, the statute does not commence running on that claim until the earlier of such

2   discovery or the elimination of the disability which prevented discovery.     However,

3   Petitioner conflates the factual predicate for a claim and the legal basis for it.  Petitioner does

4   not argue that some new facts only recently came to light.  Petitioner does not, for example,

5   allege that he did not know what sentence had been assigned, or the nature of the analysis

6   that went into assigning him that sentence.  Rather, the recent discovery  was simply his

7   having become aware of recent decisions which, if retroactively applied, may have provided

8   a basis for a claim.  Accordingly, the provisions of § 2244(d)(1)(D) have no application to

9   Petitioner's petition.

10      **Expiration of Year** - Accordingly, Petitioner's limitations period began running upon

11  the effective date of the AEDPA, and absent any tolling would  have expired one year later

12  on April 23, 1997.

13

14  **2.  Statutory Tolling**

15      The AEDPA provides for tolling of the limitations period when a "properly filed

16  application for State post-conviction or other collateral relief with respect to the pertinent

17  judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statutory tolling applies during

18  the entire time during which the application is pending, including interludes between various

19  stages of appeal on the application.  The "AEDPA statute of limitations [is] tolled for 'all of

20  the time during which a state prisoner is attempting, through proper use of state court

21  procedures, to exhaust state court remedies with regard to a particular post-conviction

22  application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v.

23  Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)).

24      **No Tolling for First PCR Proceeding** - Petitioner's first PCR petition was filed July

25  1, 1992 (Exhibit K), and concluded January 13, 1993 (Exhibit M).  Because Petitioner's one

26  year did not commence running until April, 1996, this PCR proceeding does not affect the

27  running of Petitioner's limitations period

28      **No Post-Expiration PCR Proceedings** - Petitioner's one year expired on April 23,

1997.  Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, Petitioner is not entitled to any statutory tolling for his second PCR proceeding which did not commence until the filing of his PCR notice (Exhibit N) on April 21, 1998, almost a year after his limitations period expired.  Similarly, Petitioner is not entitled to statutory toling for his third PCR petition filed July 15, 2004. (Petition, #1 at 2; Exhibit A, Order 10/1/04 at 1.) Nor for his fourth PCR petition filed  January 3, 2005.  (Exhibit D, Order 3/16/05.)

**3.  Present Petition Untimely**

Based on the foregoing, the undersigned concludes that Petitioner's one year expired April 23, 1997, and that his Federal habeas petition, filed on April 21, 2006 (#1), was delinquent by almost nine years.

**4.  Equitable Tolling**

The Ninth Circuit has held that § 2244(d) established a customary statute of limitations period "subject to equitable tolling." *Beeler*, 128 F.3d at 1288-89.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  An "extraordinary circumstance" sufficient for equitable tolling is something beyond a prisoner's or his attorney's control which made it impossible to file a petition on time. *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

Here, Petitioner argues that he is entitled to equitable tolling because: (1) his failure to present his claims to the state courts on direct appeal and in his second Petition for Post-Conviction Relief was caused by ineffective assistance of counsel in those proceedings (Reply, #13 at 1-5); (2) he has no access to legal research materials, and is only able to obtain legal materials from other inmates (*id.* at 5-6); (3) he was awaiting a decision on his second

1   PCR petition for review and on the *Tanagro* special action (Supp. Reply, #43 at 3); and  (4)

2   he was seeking a re-computation of his prison term by prison officials  (*Id.* at 3-4).  None of

3   these establishes grounds for equitable tolling.

4          **Ineffective Assistance of Counsel**  - Petitioner assigns blame for his delay to his

5   counsel on direct appeal, and his second PCR counsel.  The latter's ineffectiveness is

6   irrelevant.  Petitioner's one year had already expired when this representation occurred.[11]

7          Petitioner argues that counsel should have challenged his sentence as a violation of

8   his right to a jury, under then applicable precedent.  (Reply, #13 at 4.)  In essence, Petitioner

9   argues that counsel should have anticipated the holdings in *Apprendi* and *Blakely,* and

10  challenged the enhancement of his sentence based upon the judicially found facts.  This

11  argument is foreclosed by the Ninth Circuit's finding that *Apprendi* and *Blakely* constituted

12  new rules.  *See U.S. v. Ameline,* 376 F.3d 967, 973-974 (9th Cir. 2004) ("*Blakely* court

13  worked a sea change in the body of sentencing law").  A federal habeas petitioner cannot

14  attack counsel's performance based on some later favorable ruling which counsel failed to

15  anticipate.  *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996).

16         Further, grounds for equitable tolling must be external to the defense, *i.e.* "beyond a

17  prisoner's or his attorney's control."  *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).  The

18  Ninth Circuit has recognized circumstances where counsel's ineffectiveness was so egregious

19  that it constituted a cognizable impediment to filing.  *Compare Miranda v. Castro*, 292 F.3d

20  1063, 1066 (9th Cir. 2002)(erroneous advice by counsel as to the deadline is not an

21  extraordinary circumstance) *with Spitsyn v. Moore,* 345 F.3d 796, 801 (9th Cir. 2003)

22  (counsel failed to file appeal and despite a request that he return file, retained it for the

23  duration of the limitations period).  Here, Petitioner offers nothing more than appellate

24  counsel's failure to raise a novel claim which would have gone against the widespread

25

26         [11]  Moreover, n the absence of a right to counsel, negligence of a petitioner's attorney
27  in failing to file a timely petition is not an extraordinary circumstance.  *Frye v. Hickman*, 273
    F.3d 1144 (9th Cir. 2001).  Petitioner had no right to counsel in his second PCR proceeding.
28  *Pennsylvania v. Finley,*  481 U.S. 551, 555 (1987).

1    precedent of the time..

2         **Limited Research Materials** - Petitioner also argues that his lack of legal research

3    materials precluded him from filing a timely habeas petition.  Petitioner goes to some lengths

4    to document his effort to obtain various court opinions.  However, even assuming a complete

5    law library were available to Petitioner, the claims raised in Petitioner's petition would not

6    have been apparent to Petitioner at the time his statute of limitations period was running.  It

7    is the lack of legal precedent, not Petitioner's access to such precedent, that precluded from

8    raising his present claims prior to 1997, when his limitations period expired.

9         **Delay re Second PCR Proceeding** - Petitioner argues that he waited six years for a

10   decision on a petition for review in his second PCR proceeding, which petition was never

11   filed, and for a decision in the special action concerning *State v. Tarango*. 185 Ariz. 208, 914

12   P.2d 1300 (1996). (Supp. Reply #43 at 3.)   However, Petitioner's second PCR proceeding

13   was not instituted until long after his one year had expired.  Accordingly, any delay in that

14   proceeding would have had no impact on his delinquency in bringing a timely federal habeas

15   petition.

16        Moreover, Petitioner makes no explanation how the lack of a decision on *Tarango*

17   kept him from filing a timely federal habeas.  Perhaps Petitioner made a decision to delay his

18   state filings until the *Tarango* matter was resolved.   However the special action to which

19   Petitioner apparently refers was resolved on December 5, 1996.  *See State v. Arizona Dept.*

20   *Of Corrections*, 187 Ariz. 211, 928 P.2d 635 (1996) (referencing special action brought by

21   state to clarify *Tarango*).  Petitioner would have had over four months thereafter to file this

22   action.

23        Petitioner argues he was unable to obtain a copy of the court's decision in that case.

24   However, *Tarango* did not involve a jury trial right issue, but rather a construction of the

25   Arizona sentencing statutes with particular regard to the parole eligibility of dangerous or

26   repeat offenders.  Resolution of that type of claim would not have been necessary to the

27   exhaustion of a *Blakely* challenge to the judicial fact finding at sentencing as challenged by

28   Petitioner in the present petition.  Thus, any delay in obtaining copies of that decision may

1   have been a distraction, but it was not an impediment to filing a federal habeas.

2       Further, Petitioner concedes that he obtained a copy of that opinion by the time he

3   renewed his request for review of his sentence by prison officials.  (Supp. Reply, #43 at 3.)

4   That renewed request was made on June 7, 2004.  (*See Id.* at Exhibit II.)  Petitioner offers no

5   explanation for the ensuing delay of two years before filing the present federal habeas

6   proceeding.  Again, perhaps it was to exhaust his state remedies on his *Tarango* claim.  That

7   would not, however, have been caused a delay in pursuing the instant *Blakely* claims.

8       Petitioner has shown, at best, that he was diligently pursuing his state remedies on his

9   unrelated *Tarango* claims, then attempted to tack on newly developed claims based on

10  *Blakely*, and now wants to raise the *Blakely* claims belatedly in this federal proceeding with

11  the excuse that he would have done it sooner but for the delays related to *Tarango*.  While

12  that may explain Petitioner's delay, equitable tolling is not based upon the provision of an

13  explanation, but upon a showing that filing a timely federal petition was not possible.

14      **Efforts at Administrative Remedies** - Finally, Petitioner argues that he has

15  attempted to have his sentence adjusted by prison officials.  However, the records submitted

16  by Petitioner reflect that these efforts were undertaken in 2004, and were based on *Tarango*.

17  Petitioner offers no explanation for the delay prior to that time in pursuing his federal

18  remedies on a *Blakely* type of claim, nor any explanation for the almost two year delay

19  thereafter in filing the instant petition.

20      **Summary re Equitable Tolling -** Petitioner offers a myriad of explanations for his

21  failure to file a timely federal habeas petition raising his current claims under *Blakely*.

22  Petitioner fails to show, however, that any of the circumstances precluded him from filing

23  a timely petition.   Accordingly, Petitioner is not entitled to any equitable tolling, and his

24  Petition is therefore untimely and must be dismissed with prejudice.

25

26              **IV.  RECOMMENDATION**

27      **IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion to Dismiss

28  Unbriefed Claim of Ineffective Assistance, filed February 14, 2007 (#15) be **DENIED** as

1    moot.

2        **IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas

3    Corpus, filed April 21, 2006 (#1) be **DISMISSED WITH PREJUDICE**.

4

5                    **V. EFFECT OF RECOMMENDATION**

6        This recommendation is not an order that is immediately appealable to the Ninth

7    Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

8    *Appellate Procedure*, should not be filed until entry of the district court's judgment.

9        However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

10   have ten (10) days from the date of service of a copy of this recommendation within which

11   to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing

12   Section 2254 Proceedings.   Thereafter, the parties have ten (10) days within which to file

13   a response to the objections.   Failure to timely file objections to any factual or legal

14   determinations of the Magistrate Judge will be considered a waiver of a party's right to *de*

15   *novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

16   Cir. 2003)(*en banc*).

17

18   DATED: May 2, 2008                          _____

19                                                          JAY R. IRWIN
                                                     United States Magistrate Judge

20

21

22

23

24

25

26

27

28

                                      - 16 -